**WESTINGHOUSE ELECTRIC CORPORATION, Plaintiff,**

**v.**

**INTERNATIONAL UNION OF ELECTRICAL RADIO AND MACHINE WORKERS, AFL–CIO–CLC, Local Union No. 601, International Union of Electrical Radio and Machine Workers, AFL–CIO–CLC, David J. Fitzmaurice, et al., Individually, and as officers, representatives and agents of the aforesaid unions,**

**and**

**Ronald R. Berger et al., Individually, and as representatives of a class of persons similarly situated, Defendants.**

Civ. A. No. 77–1306.

United States District Court,
W. D. Pennsylvania.

June 7, 1979.

John P. Edgar, Pittsburgh, Pa., for plaintiff.

Theodore Goldberg, Pittsburgh, Pa., for defendants.

## MEMORANDUM

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action for damages following an alleged breach of a no-strike clause in a collective-bargaining agreement. Jurisdiction is predicated on section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiff's second amended complaint contains two counts. Count I asserts liability over the International and Local 601, alleging that they directed, authorized, ratified or failed to use reasonable efforts to abort an unlawful work-stoppage. Count II alleges, in the alternative, that, if the International and Local 610 are not legally responsible for the actions of their members, the individual members are liable under section 301. Presently before the

court is the motion to dismiss Count II for failure to state a claim upon which relief can be granted.

Because we find the reasoning of the Court of Appeals for the Seventh Circuit in *Sinclair Oil Corp. v. Oil, Chemical & Atomic Workers International Union*, 452 F.2d 49 (7th Cir. 1971) to be persuasive, and in accordance with the fundamental principles of national labor policy, we hold that the individual union members cannot be held liable under section 301 of the LMRA for damages resulting from breach of a no-strike clause of a collective bargaining agreement. Accordingly, the motion to dismiss Count II of plaintiff's second amended complaint must be granted.

## II. *Discussion*

The Supreme Court held that an individual union member cannot be liable for breach of a no-strike clause if the union is found to be liable. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). The Court expressly reserved judgment on the issue raised in Count II, that is, whether liability can attach to an individual member if the union is found not to be liable. 370 U.S. at 238, n.7, 82 S.Ct. 1318.

In *Sinclair Oil Corp. v. Oil, Chemical & Atomic Workers International Union, supra*, the Court of Appeals for the Seventh Circuit, in a well-reasoned opinion, resolved the question in the negative, holding that even if the union is absolved, no cause of action exists against an individual union member for activities during a work stoppage. 452 F.2d at 50. The court undertook a thorough review of the legislative history of section 301 and concluded:

> Congress was well aware of the problems involved in reaching and enforcing no-strike agreements, and we think that when Section 301 was enacted it had no intention of subjecting union members engaged in wildcat strikes to individual liability for damages. We conclude that

the primary remedy of *Sinclair* is discharge or discipline of individual defendants.

*Id.* at 54.

The holding in *Sinclair Oil* has been adopted by several district courts. *See, e. g., Benada Aluminum Products Co. v. United Steelworkers*, [1978] 83 Lab.Cas. (CCH) ¶ 10,609 (N.D.Ohio April 5, 1978); *United States Steel Corp. v. UMW, Local 8003*, [1978] 83 Lab.Cas. (CCH) ¶ 10,612 (D.Utah April 14, 1978); *Adley Express Co. v. Highway Truck Drivers & Helpers Local 107*, 365 F.Supp. 769, 777 (E.D.Pa.1973); *contra, Alloy Cast Steel Co. v. United Steelworkers*, 429 F.Supp. 445 (N.D.Ohio 1977).[1]

The cases cited by plaintiff, with the exception of *Alloy Cast Steel Co. v. United Steelworkers, supra*, are inapposite. None of those cases involved an alleged breach of a no-strike clause on the part of individual union members. Thus, in *New York State United Teachers v. Thompson*, 459 F.Supp. 677 (N.D.N.Y.1978), the district court held that individual union members could be held liable for damages under section 301 for the breach of provisions of a collective bargaining agreement dealing with "educational leave." *Id.* at 671. The court carefully distinguished that situation, however, from the cases involving an alleged breach of a no-strike clause. *Id.* at 682. It distinguished *Sinclair Oil*, reasoning that "given the facts presented herein, the usual employer remedies of discipline and discharge are non-existent." *Id.* at 683.

We agree with the conclusion reached in *Sinclair Oil*, namely, that Congress, in enacting section 301, did not intend to subject union members engaged in an illegal work stoppage to individual liability for damages. The remedies of discharge or other discipline, coupled with the availability of injunctive relief under *Boys Markets Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970),

---

1. The Court of Appeals for the Third Circuit has never directly confronted the question now before us. In *Eazor Express, Inc. v. Int'l Brotherhood of Teamsters*, 520 F.2d 951, 961, n.5 (3d Cir. 1975), the court noted the holding in *Sin-clair Oil* without comment since the question was not germane. Similarly, in *Republic Steel Corp. v. UMW*, 570 F.2d 467, 478 (3d Cir. 1978), the court cited *Sinclair Oil*, without commenting on its precedential value.

and its progeny, provide sufficient protection for an aggrieved employer.

Accordingly, Count II of plaintiff's second amended complaint must be dismissed for failure to state a claim upon which relief can be granted.

An appropriate order will follow.